**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**STERLING S.[1],**

        Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

Civ. No. 3:20-cv-02105-AA

**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff Sterling S. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for a period of disability and disability insurance benefits. For the reasons below, the Commissioner's decision is AFFRIMED and this case is DISMISSED.

**BACKGROUND**

On January 14, 2019, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability beginning January 7, 2014. Tr. 132. On March 13, 2019, the claim was initially denied, and the claim was denied on reconsideration on May 22, 2019. Plaintiff filed a written request for a hearing on June 18, 2019. On

---

[1]    In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

December 2, 2019, the request for a hearing was denied by Administrative Law Judge ("ALJ") Steve Lynch on the basis of *res judicata*. Tr. 74.

The ALJ reasoned that Plaintiff had previously filed a DIB claim based on the same facts and issues, that claim was denied on May 21, 2018, and that decision became final when Plaintiff did not request review. Tr. 73-74. Plaintiff's last date insured was June 30, 2015, which did not change between applications. *Id*. Plaintiff was unrepresented in that prior administrative process, but the ALJ did not make note of this.

The ALJ reasoned that Soc. Soc. Ruling 91-5p did not apply because the record showed Plaintiff was of "generally average" intelligence, and that his "attention and concentration were in the average range". Tr. 98. Plaintiff appealed the ALJ's Order, and the Appeals Council declined to review the ALJ's decision on September 2, 2020. Tr 66.

This action was filed on December 3, 2020. ECF No. 1. The Court remanded under sentence 6 of 42 U.S.C. § 405 on a stipulated motion from both parties so that a missing case file could be located. ECF No. 13 at 1. The case file was located, and on March 10, 2025, the parties stipulated to reopening the case based on the completed administrative record. ECF No 16. at 2.

The Court notes that Plaintiff also protectively applied for Supplemental Security Income ("SSI") on January 14, 2019. Tr. 26.  A hearing was held by ALJ Steve Lynch, who determined that the Plaintiff was not disabled from the protective filing date through the date of decision. TR 21. While the SSI decision is related to

the general issue of Plaintiff's disability and entitlement to benefits, this action is limited to the challenged DIB decision, so the record of the SSI decision is not considered within this opinion.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

Plaintiff raises three arguments: (1) that the ALJ committed legal error in applying *res judicata* to Plaintiff's 2019 DIB claim; (2) that the Appeals Council committed legal error by declining to reopen the case even though it was with the 12-

Page 3 – OPINION & ORDER

month period found in 20 C.F.R. § 404.988(a); and (3) that the ALJ "constructively reopened the claim" because his analysis of the Soc. Soc. Ruling 91-5p issue relied on Plaintiffs medical details from the closed claim file.

## I.    Res Judicata

Plaintiff argues that the ALJ erred in applying *res judicata* under 20 C.F.R. § 404.957(c)(1) because Plaintiff was unrepresented in his prior proceeding. *See* Pl. Brief at 3.

Under the federal regulations, "[a]n administrative law judge may dismiss a request for a hearing" if

> "[t]he administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because…[t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]"

20 C.F.R. § 404.957(c)(1).

The Ninth Circuit has said that "[a]dministrative res judicata may apply even though the claimant has never had a hearing, where the claimant has failed to pursue his administrative appeals and no new facts are presented in the subsequent application." *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982). In the same opinion, the court went on to say, "Res judicata of administrative decisions does not acquire the rigid finality of judicial proceedings" and that "res judicate is [not] rigidly applied[,]" but must be "qualified or rejected when [its] application would contravene an overriding public policy or result in manifest injustice." *Id.* at 940-41.

In *Thompson*, the plaintiff applied for SSI, without counsel or a representative, in 1970, 1972, and 1975. *Id.* at 938. Each application was denied without a hearing. *Id.* The plaintiff applied for SSI and DBI in 1976 and 1977, respectively, and a hearing was held in August 1977 before an ALJ. *Id.* The plaintiff was not represented at the hearing, and according to the court, the ALJ "asked Thompson a series of leading questions, many of which were adversarial in nature." *Id.* Additionally,

> "The ALJ asked no questions about Thompson's alcoholism, about the frequency and severity of his epileptic seizures, or its causes and effects upon him; nor did the ALJ ask about Thompson's back condition caused by degenerative osteoarthritis of the cervical spine, about the causes of his shortness of breath, or about the spirometric test which showed his lung capacity was less than half of normal. The ALJ did not ask about the combined effects of these impairments."

*Id.*

The Court went on to hold, regarding the SSI claim, that "the ALJ's failure to pursue relevant avenues of inquiry, or to assist the claimant, who appeared pro se, deprived Thompson of his right to an impartial decision based upon an adequate record." *Id.* at 939. The ALJ's "concern with Thompson's work history to the exclusion of all else denied Thompson a full hearing under the Secretary's regulations, and thwarted the beneficent purposes of the Act." *Id.*

The ALJ decided that the DIB claim was barred by *res judicata* because of the history of prior applications. *Id.* at 941. The court held that:

> "Where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process. Fairness in the administrative process is more important than finality of administrative judgments. Because these two policies conflict here, res judicata is inappropriate."

*Id.* at 941.

*Thompson* has arguably come to stand for the proposition that when a plaintiff "was not represented by counsel when [filing a previous claim], the rigid application of res judicata would be undesirable." *Gregory v. Bowen* , 844 F. 2d 664, 666 (9th Cir. 1988) (noting comparison to *Thompson*, but not directly citing it for the proposition); *see also*, *Lester v. Chater*, 81 F. 3d 821, 827-28 (9th Cir. 1995) ("Nor is res judicata to be applied where the claimant was unrepresented by counsel at the time of the prior claim[,]" (citing *Gregory* 844 F. 2d at 666)).

Some district courts have pushed back on this hardening of the rule from *Thompson* to *Gregory* to *Lester*. *See Concannon v. Saul*, No. CV 19-00267-ACK-RT, 2020 WL 1492623 (D. Haw. Mar. 27, 2020), aff'd, No. 20-15732, 2021 WL 2941767 (9th Cir. July 13, 2021) ("The Court is not persuaded that the rationale of *Gregory* controls here. . . . [plaintiff] has pointed to no authority or policy in support of his argument that the mere fact that he was unrepresented precludes the application of res judicata[.]")

In *Gregory*, the court held that *res judicata* was not properly applied to a claimant for benefits. 844 F. 2d at 666. The court relied on three grounds to make that determination: (1) the plaintiff raised a new medical issue in her subsequent application, making *res judicata* "inappropriate"; (2) the plaintiff was unrepresented in her prior application, making *res judicata* "undesirable"; and (3) that the ALJ had reconsidered the issue on the merits, which "preclude[d] agency reliance upon res judicata." *Id.*

Here, unlike *Gregory* or *Thompson*, the only argument against *res judicata* was Plaintiff's lack of attorney in the 2017-2018 DIB process.

No new medical information or changed circumstances are alleged, as they were in *Gregory*. In Plaintiff's brief, he does not assign error to the ALJ's statement supporting *res judicata*:

> "The question therefore becomes whether the same facts and same issues are involved. The undersigned has compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted. In addition, there has not been any change of law, ruling, or legal precedent since the prior final determination or decision that affects an issue involved in the evaluation of the earlier claim."

Tr. 74.

There is no accusation that the ALJ's decision was not impartial, which was the premise of the holding of unfairness and lack of due process in the *Thompson* decision. Here, Plaintiff was given due process: his 2017 application was considered and reconsidered. Plaintiff had the right to a hearing, but he did not pursue one. This made the administrative decision final.

Neither does Plaintiff challenge the ALJ's determination that no good cause existed to extend or waive the deadline under the applicable policy found in Soc. Soc. Ruling 91-5p.

Most importantly, while the instant application for benefits was filed after the determination of the first application, it does not cover a "period *subsequent* to [the] prior determination." *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (emphasis in original). "As a general matter, the Commissioner's refusal to

reopen her decision as to an earlier period is *not* subject to judicial review." *Id.* (emphasis in original).

The Court finds itself in the same position as the district court in *Concannon*: does the absence of an attorney in a prior proceeding—on its own without additional facts—bar the application of *res judicata*?

The Ninth Circuit affirmed the district court's decision in *Concannon*, and its reasoning is apt:

> [Plaintiff] argues that because he was pro se during the 2012 adjudication, 'the rigid application of res judicata ... [is] undesirable.' *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988). But this would, at most, be a reason not to extend res judicata to bar a claim relating 'to the period *subsequent* to [the] prior determination.' *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). It has no bearing here, where the ALJ applied res judicata only to the already adjudicated period."

*Concannon v. Saul*, No. 20-15732, 2021 WL 2941767 (9th Cir. July 13, 2021).

The Court affirms the ALJ's application of *res judicata*.

## II.    Reopening under C.F.R. § 404.988

A claim that has been closed may be reopened under certain conditions as determined by the Commissioner. 20 C.F.R. § 404.988. Some of those conditions are structured in reference to the date of notice of the initial determination, while some conditions qualify for reopening "at any time." *Id.* A decision or determination may be reopened "[w]ithin 12 months . . . for any reason." § 404.988(a). A decision or determination may be reopened "[w]ithin four years if we find good cause, as defined in § 404.989, to reopen the case[.]"

Judicial review of a decision by the Commissioner not to reopen a claim is limited by statute. See 42 U.S.C. 405(g). "The Social Security Act limits judicial review of the Commissioner's decisions to 'any final decision ... made after a hearing.'" *Evans v. Chater*, 110 F.3d 1480 (9th Cir. 1997) (quoting 42 U.S.C. 405(g)).

"A decision not to reopen a prior, final benefits decision, however, is discretionary and not a final decision; therefore, it is not subject to judicial review." *Id.* (citing *Califano v. Sanders,* 430 U.S. 99, 107–09, (1977); and *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir.1982)).

An exception exists "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Sanders*, 430 U.S. at 109. The Court reasoned that "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.*

Plaintiff challenges the decision not to reopen the prior DIB claim on two fronts: (1) "that reopening within the twelve-month 'any reason' period is in essence a matter of right, and the arbitrary denial of that right creates a colorable constitutional claim[;]" or (2) "if there is no colorable constitutional claim, the ALJ constructively reopened the prior application." Pl. Brief at 5.

### a. Discretion to Reopen

Plaintiff's argument relies on the following line from *Sanders*, which interpreted a prior version of the reopening regulation previously discussed:

> "By regulation, however, the administrative scheme provides for additional consideration of the claim. This is in the form of regulations

Page 9 – OPINION & ORDER

for reopening of the agency determination within specified time limits after the date of initial determination 12 months *as a matter of right* and four years 'upon a finding of good cause[.]'"

*Sanders*, 430 U.S. at 102.

The bottom-line of this argument is that no decision by the Commissioner can be considered final until after the 12-month window closes. Said another way, any claimant may reopen their claim within 12 months of a decision—the Commissioner has no discretion in the matter.

Defendant counters that Plaintiff misreads *Sanders*. Def. Brief at 23. Essentially, how does one reconcile *Sanders*'s plain statement that decisions not to reopen are discretionary and not subject to judicial review with the idea that reopening under one of the subsections of the rule is non-discretionary?

The regulations were revised and renumbered since *Sanders*. See Fed. Reg. 52,078 (August 5, 1980) (including changes to "the conditions under which a determination or decision may be reopened and revised.") The changes affecting the 12-month window were: (1) the insertion of "for any reason," while the previous regulation did not provide any standard; and (2) the deletion in subsection "(b)" of "[a]fter such 12-month period[.]" 20 C.F.R 404.957 (1976) cf. Fed. Reg. 52,078.

Under the regulations in effect during *Sanders*, subsections "(a)" and "(b)" had no overlap, as subsection "(b)" only applied "after such 12-month period[.]" Under the 1980 regulations, and those in effect today, subsection "(b)" also applies during the initial 12-month window of subsection "(a)".

Page 10 – OPINION & ORDER

The Court must grapple with regulation as a whole. If the 12-month window is a non-discretionary right to the claimant for benefits, why would the clearly discretionary provision for good cause reopening have been expanded to apply during the same time? Additionally, the inclusion of "for any reason," is best read as implying a wider layer of discretion than "good cause," not "no discretion," as Plaintiff's would have the Court read it.

This Circuit has long held that "[o]nce a decision becomes administratively final, the Secretary's decision to reopen a claim is *purely discretionary*. . . . . Such refusals to reopen . . . are not reviewable." *Davis v. Schweiker*, 665 F.2d 934, 936 (9th Cir. 1982) (emphasis added). The court went on to say that "[o]ther circuits have extended the reasoning of Sanders to preclude review of a dismissal on the basis of a denial of a motion to reopen." *Id.*

The Fourth Circuit addressed the 12-month subsection head on, saying "the regulations give the Secretary discretion to reopen a decision 'for any reason' within twelve months, while requiring that reopenings within four years be for 'good cause.'" *Monger v. Bowen*, 817 F.2d 15, 18 (4th Cir. 1987). In making that determination, the court focused on the "may" in the regulation—a phrase generally at odds with something being mandatory. *Id.* ("The operative word in § 404.987–88 is 'may.' Section 404.987(a) provides that a determination '*may* be reopened or revised;' § 404.987(b) provides that a claimant '*may* ask' that a determination be revised. This permissive language continues in § 404.988, which states that a decision

'may be reopened' under conditions set out in the following paragraphs.") (emphasis in original).

The court in *Monger* also noted that the Commissioner is obligated to reopen a case if notice is given within 60 days. *Id.* The regulation states the Commissioner "shall reconsider an initial determination if you or any other party to the reconsideration files a written request . . . [w]ithin 60 days after the date you receive notice of the initial determination." 20 C.F.R. 404.909(a)(1). The court noted that "[b]y imposing an obligation upon the Secretary to reopen all requests made within a year of the determination, as Monger urges us to do, we would vitiate the sixty-day limit set out in § 404.909(a)(1)." This aligns with the reasoning in *Sanders*, which stated "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits."

Here, Plaintiff is urging the same construction that the court in *Monger* explicitly rejected. The Court finds the reasoning in *Monger* persuasive, and in line with the precedent of this Circuit and the results of this Court's analysis of the history and language of the regulation.

The Court holds that reopening within 12-months under 20 C.F.R. 404.988(a) is discretionary, not a "matter of right," and thus not a final decision and therefore unreviewable as a matter of subject matter jurisdiction absent the constitutional exception articulated in *Sanders*.

Page 12 – OPINION & ORDER

The argument about a constitutional violation, which would open the door to judicial review under *Sanders*, is premised on Plaintiff's non-discretionary interpretation of the regulation. Because the Court holds the regulation provides the Commissioner discretion, no constitutional right can be found to be violated in the exercise of that discretion here.

Plaintiff also assigns error to the ALJ's decision because he said "a good cause finding under 20 C.F.R. § 404.988(b) is not justified because there is no new and material evidence." Tr. 73. Plaintiff claims that because "the ALJ applied the 'good cause' standard rather than the 'any reason" standard[,]' [t]he ALJ abused his discretion by applying the more stringent standard." Pl. Brief at 7.

Abuse of discretion is not found 40 U.S.C. § 405(g), and Plaintiff cites not authority for that standard in this case. While applicable in the APA context, *Sanders* foreclosed the APA as a source of jurisdiction in matters such as these. 430 U.S. at 105. ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions.") Additionally, Plaintiff's claim about the two distinct standards does not account for the change in the regulation post-*Sanders*. As discussed above, the "good cause" standard used to apply only after the initial 12-month window closed. That language was removed in 1980, so the good cause standard in effect today is by its terms applicable within the 12-month window.

Regardless, because the discretion is vested in the Commissioner, and the decision is not "final" as used in 40 U.S.C. 405(g), this Court is without subject matter jurisdiction to inquire into the decision of the Commissioner in this case.

### b. Constructive Reopening

Finally, Plaintiff claims that the ALJ constructively reopened the claim by reviewing the medical records submitted by Plaintiff in the prior action. Pl. Brief at 6. The ALJ did so in order to determine whether to extend to period to request review "should be extended per Soc. Sec. Ruling (SSR) 91-5p." *Id.*

When an ALJ, after a final decision, considers on the merits whether a claimant was disabled during the previously adjudicated period, the "ALJ de facto reopens the prior adjudication." *Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001).

In contrast,

> "A prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application."

*Kevin M. v. Comm'r Soc. Sec. Admin.*, No. 3:19-CV-01863-SB, 2025 WL 384333 (D. Or. Feb. 4, 2025) (internal citations omitted).

That court continued,

> "If simply reviewing evidence relating to a previous claim is viewed as a reconsideration on the merits, the previous case would be constructively reopened every time a successive claim is filed. Thus, the mere fact that new evidence is considered does not amount to a constructive reopening."

*Id.*

Here, the ALJ reviewed the evidence from the previous claim for two purposes, First, the ALJ had to determine if *res judicata* applied. That required comparing both files to determine if the newer claim involved the same issues and same evidence as

the older one. That is not a reconsideration on the merits, and Plaintiff does not claim

that it was. That is the only way *res judicata* could ever be accurately applied.

Second, the ALJ had to determine whether Soc. Sec. Ruling 91-5p applied. That

policy states:

> "In determining whether a claimant lacked the mental capacity to
> understand the procedures for requesting review, the adjudicator must
> consider the following factors as they existed at the time of the prior
> administrative action; [1] inability to read or write; [2] lack of facility
> with the English language; [3] limited education; [and 4] any mental or
> physical condition which limits the claimant's ability to do things for
> him/herself."

Soc. Sec. Ruling 91-5p.

Here, the ALJ reviewed the record regarding Plaintiff's "intelligence,"

"insight," and "attention and concentration." Tr. 73. The purpose was clear, whether

"the deadline for requesting review should not be extended under Social Security

Ruling 91-5p[.]" *Id.* The ALJ was tasked with determining whether "any mental or

physical condition which limits the claimant's ability to do things for him/herself." If

such analysis constitutes a constructive reopening, then any ALJ's analysis under

Soc. Soc. Ruling 91-5p would virtually guarantee reopening.

Plaintiff quotes *Thompson* for the proposition that the ALJ was under a duty

to "to scrupulously and conscientiously probe into, inquire of, and explore for all the

relevant facts." Pl. Reply at 3.  Plaintiff argues that, if the ALJ did not do such a

robust exploration, then he did not "adequately discharge his duty," and if he did meet

the *Thompson* standard, "then the Court must necessarily conclude that the ALJ fully

Page 15 – OPINION & ORDER

considered the evidence from the time period at issue, and therefore constructively reopened the claim." *Id.*

The quote from *Thompson* is inapt. As discussed above, in *Thompson*, one of the central issues was that the ALJ acted adversarial to the plaintiff in a hearing which is not adversarial in nature. The quote relied on by Plaintiff reflects that issue—the ALJ's actions in the hearing were a denial of due process—which is not present in this case.

Courts in this circuit have rejected the argument that an ALJ's brief review of a claimant's medical history from a prior application serves as a de facto reopening. *Culley v. Astrue.* No. 3:11-CV-01498-AC, 2013 WL 1901012 *8 (D. Or. Apr. 2, 2013), *report and recommendation adopted sub nom. Culley v. Colvin*, No. 03:11-CV-01498-AC, 2013 WL 1901011 (D. Or. May 7, 2013) (collecting cases).

Here, the ALJ's review was necessary to determine the issues of *res judicata* and the extension of deadlines under Soc. Soc. Ruling 91-5p. The analysis in the decision is limited to accomplishing these necessary determinations and was not an evaluation of the merits of Plaintiff's disability or claim for DIB.

The Court concludes that the ALJ did not constructively reopen Plaintiff's prior claim.

Page 16 – OPINION & ORDER

## CONCLUSION

Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this  27th  day of March 2026.

 /s/Ann Aiken
Ann Aiken
United States District Judge